IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY SESSION, 1997

FILED

October 7, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JEFFERY L. BRADEN, | ) | C.C.A. NO. 02C01-9607-CR-00208 |
| | ) | |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. JOHN P. COLTON, JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:

**JEFFERY L. BRADEN, pro se**
Inmate #158340
Cold Creek Correctional Facility
P.O. Box 1000
Henning, TN 38041-1000

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**JANIS L. TURNER**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**JOHN W. PIEROTTI**
District Attorney General

**DAWN DORAN**
Assistant District Attorney General
201 Poplar Avenue, Ste. 301
Memphis, TN 38103

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

THOMAS T. WOODALL, JUDGE

# ORDER

The Petitioner, Jeffery L. Braden, appeals as of right from the trial court's dismissal of his second petition for post-conviction relief without an evidentiary hearing or appointment of counsel. The petition was filed in the Criminal Court of Shelby County, Tennessee on May 2, 1996. The allegations of the petition set forth that he pled guilty to first degree murder in the trial court on September 11, 1991 and received a sentence of life imprisonment. His first petition for post-conviction relief, alleging ineffective assistance of counsel was denied on September 14, 1992. If an appeal was taken from this order, it is not in the record.

At the time Petitioner pled guilty to the offense in 1991 there was a three-year statute of limitations for filing a petition for post-conviction relief. Tenn. Code Ann. § 40-30-102 (repealed 1995). Under the Post-Conviction Procedure Act in effect at the time the present petition was filed in the trial court, Tennessee Code Annotated section 40-30-202(c) (Supp. 1996) provided in pertinent part that "[i]f a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition [for post-conviction relief] shall be summarily dismissed."

The trial court in the case <u>sub judice</u> dismissed the petition without appointment of counsel or an evidentiary hearing based upon the fact that it was filed outside the applicable statute of limitations, and that a previous post-conviction relief petition had been previously determined on the merits. <u>See</u>

<u>Arnold Carter v. State</u>, _____ S.W.2d _____, No. 03-S-01-9612-CR-00117, Monroe County (Tenn., at Knoxville, Sept. 8, 1997).

Finding that a full opinion in this case would have no precedential value, and that the evidence does not preponderate against the finding of the trial court, and that there is no error of law requiring a reversal of the judgment apparent on the record, we affirm the order of the trial court dismissing the petition for post-conviction relief pursuant to Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
GARY R. WADE, Judge

_____
JOHN H. PEAY, Judge